UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

CIVIL ACTION NO: _____

**CHRISTOPHER M. ANNIS**
*Plaintiff*

v.

**J.C. CANNISTRARO LLC**
*Defendant*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Introduction**

1. This is an action under 42 U.S.C. section 2000e for unlawful retaliation for opposing discriminatory practices and for filing a charge of retaliation. This action is brought by Plaintiff Christopher M. Annis ("Annis") a male. Mr. Annis was an employee of Defendant J.C. Cannistraro LLC ("Cannistraro"). Mr. Annis brings retaliation claims against his former employer, Cannistraro.

**Jurisdiction and Venue**

2. Jurisdiction over this matter lies in this Court pursuant to 28 U.S.C. §1343.

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Watertown, Middlesex County, Massachusetts. On information and belief, the employment records related to Plaintiff's employment with Defendant are also located within Watertown, Middlesex County, Massachusetts.

4. On June 13, 2019, Plaintiff filed a timely Charge of Discrimination on the basis of retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"). That same day, June 13, 2019, the case was opened at the Massachusetts Commission Against

1

Discrimination ("MCAD"). The case was administratively handled and investigated by the MCAD. The charge of discrimination was mailed to Defendant on June 24, 2019. The case was withdrawn from the MCAD, and a Right To Sue letter eventually issued by the EEOC on November 4, 2022, which letter was received by Plaintiff on or after November 7, 2022. Plaintiff has therefore exhausted his administrative remedies and has timely invoked the jurisdiction of this Court.

**THE PARTIES**

5. Plaintiff Christopher M. Annis is a resident of Norton, Bristol County, Massachusetts.

6. Defendant Cannistraro is a Massachusetts corporation with a principal place of business in Watertown. Middlesex County, Massachusetts. The business of Cannistraro is mechanical contracting.

7. At all times relevant to this Complaint, Cannistraro was Plaintiff's employer.

8. At all times relevant to this Complaint, Cannistraro was an employer within the meaning of 42 USC §2000e, was engaged in an industry effecting commerce within the meaning of 42 USC §2000e, and in all other respects met all of the requirements for coverage under 42 USC §2000e.

9. At all times relevant to this Complaint, Plaintiff performed his job in at least a satisfactory manner.

**FACTUAL BACKGROUND**

10. Annis started working for Cannistraro in March 2019, as an Assistant Fire Protection Designer.

11. On June 4, 2019 while at work, the Plaintiff heard several coworkers having a conversation, in which they made various remarks he considered to be racist and offensive. Later that day, Plaintiff reported this matter to a Human Resources representative of Defendant. Among other things, Plaintiff stated to the Human Resources representative that there was a workplace culture at Cannistraro of discrimination, that he would no longer

tolerate it, and that this culture of discrimination included racist jokes, slurs about sexual orientation, and inappropriate sexual jokes about women. He also stated that some of these comments were made or witnessed by managers. The Human Resources representative told Plaintiff that she would report this matter to the Director of Human Resources.

12.  The next day, Plaintiff went to work and spoke with two of his managers. He told them he had reported the discriminatory comments to Human Resources the previous day. He was informed by the managers that they had been notified of his complaint by Human Resources. Later that day Plaintiff met with the Director of Human Resources to discuss the situation. A further meeting was held on June 10, 2019 between the Director of Human Resources, Plaintiff, and two of Plaintiff's managers. Plaintiff was not satisfied with the discussion which occurred or the proposed resolution.

13.  In the June 10, 2019 needing, Plaintiff asked to work at a different company location for four days of the workweek, and to work remotely on the fifth day of his work week. This was declined by management. He Director of Human Resources stated that there would not be a location change for Plaintiff, and that he would no longer have a flexible starting time. Plaintiff stated that he believed this was retaliation for having spoken up about what he believed to be discrimination. On information and belief, one of the managers raised Plaintiff's concerns about retaliation with Defendant's in-house General Counsel. Plaintiff was scheduled to meet with the General Counsel on June 14, 2019.

14.  In early July 2019, Plaintiff met with Defendant's in-house General Counsel. Based upon a document he had received from the EEOC when he had filed his charge, Plaintiff mentioned to the General Counsel that he wanted to mediate his charge of discrimination. The General Counsel did not respond to this statement. This meeting occurred one week or more prior to Plaintiff's termination of employment on July 17, 2019.  On July 12, 2019, Plaintiff mentioned his "discrimination and retaliation" case to a manager, in an e-mail.

15. Plaintiff's employment was terminated by Defendant for false and pretextual reasons on July 17, 2019.

16. At the time that Plaintiff's employment was terminated, Defendant had been aware for several weeks that Plaintiff had filed a charge of retaliation and discrimination against Defendant with the EEOC and the MCD. This is based upon the fact that MCAD sent the charge of retaliation to Defendant on June 24, 2019, and this would have been received by Defendant within several days of June 24, 2019, as well as the fact that Plaintiff mentioned to Defendant's General Counsel in early July (at least one week prior to his termination) that he had filed a charge of discrimination, and the fact that Plaintiff had provided information to a manager about having a pending discrimination and retaliation case. Defendant was aware in June 2019, that Plaintiff had complained to Human Resources of discrimination in his workplace.

17. Plaintiff's employment would not have been terminated, but for his having complained of discrimination and retaliation to Human Resources, and his having filed an administrative charge of discrimination and retaliation with the MCAD and the EEOC.

18. The actions of Cannistraro violate the prohibition in 42 U.S. Code section 2000e of retaliation against employees for complaining of discrimination or retaliation, or engaging in the process of litigating charges of discrimination or retaliation.

19. Cannistro is responsible for the discriminatory actions of Mr. Annis' managers and supervisors set forth above. These actions for which Cannistraro is responsible constitute illegal retaliation, in violation of 42 U.S.C. section 2000e.

20. The actions of Mr. Annis' managers and supervisors toward him as discussed above, for which Cannistraro is responsible, were knowing, intentional and willful.

21. The actions of Mr. Annis' managers and supervisors toward him as discussed above, for which Cannistraro is responsible, have caused Mr. Annis to suffer financial harm,

as well as much emotional pain and suffering.  Mr. Annis will continue to suffer these injuries into the future.

## COUNT I
## AGAINST CANNISTRARO FOR RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 2000e

22.     Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-21 above.

23.  Plaintiff has had his employment terminated for having complained of discrimination and retaliation at work, and litigating a charge of retaliation.  Plaintiff reasonably and in good faith believed he had been subjected to a discriminatory environment and retaliation at work, and he took reasonable steps as a result of being subjected to discrimination and retaliation.  The adverse action to which Plaintiff was subjected would not have occurred but for Plaintiff's complaints of discrimination and retaliation, and his having litigated a charge of retaliation.

24.     By its actions set forth above, Cannistraro has engaged in retaliation against Mr. Annis in violation of 42 U.S.C. section 2000e.  These actions have caused Plaintiff to suffer financial and emotional harm and injuries.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Cannistraro, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, lost future earning capacity, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

>Respectfully submitted,
>CHRISTOPHER M. ANNIS
>By his Attorney,
>
>/s/Mitchell J. Notis
>_____
>Mitchell J. Notis, BBO # 374360
>LAW OFFICES OF MITCHELL J. NOTIS
>27 HARVARD Street
>Brookline, MA 02445
>Tel.: 617-487-8677
>mitchnotis@aol.com